UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Murray Adkins, III, #264418, | ) | Civil Action No.: 1:12-3131-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Leroy Cartledge, Warden of Kirkland Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Murray Adkins, III ("Petitioner"), a state inmate proceeding through counsel, filed this action seeking relief pursuant to 28 U.S.C. § 2254. (ECF No.1.) Plaintiff is currently housed at the Kirkland Correctional Institution ("KCI") of the South Carolina Department of Corrections. Petitioner, who was sentenced to life imprisonment for murder and to five years for possession of a firearm during the commission of a violent crime, seeks habeas relief for ineffective assistance of counsel, for denial of access to material exculpatory evidence in his trial, and for actual innocence. (ECF No. 1.)

In accordance with 28 U.S.C. § 636(b) (1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On July 24, 2013, the Magistrate Judge filed a Report and Recommendation ("Report") in which she recommends that Respondent's motion for summary judgment (ECF No. 11) be granted, and the petition be dismissed with prejudice. (ECF No. 25 at 28.) Petitioner filed objections to the Report and Recommendation. (ECF No. 26.) This court has conducted a *de novo* review of the record and has considered Petitioner's objections. Having done so, this court agrees with the recommendation of the Magistrate Judge.

**FACTUAL AND PROCEDURAL BACKGROUND**

1

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. (ECF No. 25 at 8-16.) On October 30, 2012, Petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1.) Petitioner raises three grounds in his federal habeas petition: 1) Petitioner was denied effective assistance of counsel at his trial in violation of the Sixth Amendment of the United States Constitution; 2) Petitioner was denied access to material exculpatory evidence in his trial in violation of the Fifth Amendment to the United States Constitution; and 3) Petitioner is entitled to habeas corpus relief based on his actual innocence. (ECF No. 1.)

Petitioner was indicted by the Lancaster County grand jury during the June 1998 term of court for murder and possession of a firearm during the commission of a violent crime (ECF No. 24-6 at 73-76) stemming from the events of a drug deal gone awry. Petitioner was represented by counsel at trial. He was found guilty of both offenses and sentenced to life imprisonment for murder and to five years for possession of a firearm during the commission of a violent crime. (ECF No.24-4 at 13-19.) Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals and was represented by counsel. (ECF No. 24-4 at 23.) After the South Carolina Court of Appeals affirmed the convictions and denied rehearing, Petitioner filed a Petition for Writ of Certiorari to the South Carolina Supreme Court on June 20, 2003. (ECF No. 24-4 at 78-99; ECF No. 24-5 at 23-51.) The South Carolina Supreme Court denied the petition on February 19, 2004, and a remittitur was issued shortly thereafter. (ECF No. 24-5 at 24-25.) Petitioner also pursued an application for post-conviction relief ("PCR") through collateral counsel. (ECF No. 24-5 at 81-87.) The Supreme Court denied certiorari concerning a dismissal of this application on April 16, 2008 (ECF No. 10-12), and a remittitur was issued on May 2, 2008. (ECF No. 10-13.) Petitioner's federal petition ("Petition") followed.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

**DISCUSSION**

In her Report and Recommendation, the Magistrate Judge recommends summary judgment be granted in favor of Respondent, specifically finding: 1) Petitioner did not timely file his federal petition and is not entitled to equitable tolling; and 2) Petitioner's claims are not saved by an actual innocence exception in accordance with *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) because he has not presented reliable, newly-discovered evidence, i.e., evidence that was not known at the time of trial. Petitioner raises objections to the Magistrate Judge's Report. First, Petitioner objects to the Magistrate Judge's determination that the petition should be dismissed based on the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (ECF No. 26 at 8.)

Petitioner acknowledges that his federal petition was filed after the one year limitations period expired, however, Petitioner maintains that he should be excused from his late filing based on the Supreme Court's decision in *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). (ECF No. 26 at 9.) Although the Magistrate Judge considered the *McQuiggin* case and determined that it did not apply as Petitioner failed to present new evidence, Petitioner argues that the Magistrate Judge

imposed too high a standard for proof of actual innocence. Petitioner also argues that he is presenting a different argument in his Petition; instead of arguing that there was no physical evidence linking Petitioner to the murder scene, Petitioner is now seeking to draw attention to "the new review of the crime scene evidence" which purportedly supports the theory that a key eyewitness's version of the events are implausible. (ECF No. 26 at 10.) Petitioner also takes issue with the Magistrate Judge's determination that Petitioner's delay in presenting the evidence undercuts its reliability. (ECF No. 26 at 10.) Petitioner points out that although the Supreme Court has held that untimeliness bears on the credibility of the evidence presented, it is not an unyielding ground for dismissal. (ECF No. 26 at 10.)

As a second objection, Petitioner objects to the recommendation that the court grant summary judgment, specifically arguing that summary judgment is not appropriate under the circumstances and in light of Petitioner's "solid physical evidence he could not have committed this crime as contemplated by the State in its prosecution." (ECF No. 26 at 11.) Petitioner argues that the record, the affidavit of John "Jay" Phillips, and other materials submitted in conjunction with the Petition, show that Petitioner's conviction must be vacated to serve the interests of justice. (ECF No. 26 at 11.) Accordingly, Petitioner seeks that summary judgment be denied, and discovery and an evidentiary hearing granted. (ECF No. 26 at 11.) Having reviewed the record *de novo* in light of *McQuiggin* and the applicable case law and standards, the court finds no error in the Magistrate Judge's Report and Recommendation, addresses Petitioner's objections below, and adopts the well-reasoned analysis of the Magistrate Judge.

    I.    The Magistrate Judge's finding that Petitioner Does Not Meet the Actual Innocence Exception to the Statute of Limitations.

As previously noted, Petitioner acknowledges that his Petition is being filed approximately four years after the expiration of the one-year statute of limitations set forth in the AEDPA. (ECF

No. 1-1 at 7.) He argues, however, that because he can make a credible showing of actual innocence, his Petition should be excused from the AEDPA statute of limitations. (ECF No. 1-1 at 7.) Petitioner referenced the actual innocence exception in his initial Petition, citing the several federal appellate courts that had recognized the exception, and since the initial filing, *McQuiggin* was decided by the Supreme Court and further guides the relevant discussion. Petitioner argues that the crime scene and the only testimony incriminating him are inconsistent. Petitioner argues that this is evidence that the eyewitness is lying and Petitioner is innocent. (ECF No. 1-1 at 11.) This court must determine whether *McQuiggin* applies here to save Petitioner's otherwise untimely Petition.

Under the AEDPA, a one-year statute of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment with the period to begin running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If, however, the Petition alleges newly discovered evidence, the filing deadline is "one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'" *McQuiggin*, 133 S. Ct. at 1929 (citing 28 U.S.C. § 2244(d)(1)(D)). *McQuiggin*, the Supreme Court's most recent decision on the issue of exceptions to the statutory bar on habeas petitions, does in fact recognize an "equitable exception" to the statute of limitations applicable to habeas matters, thereby allowing a petitioner to pursue his constitutional claims, but only when the petitioner makes a "credible showing of actual innocence." *McQuiggin*, 133 S. Ct. at 1931. More specifically, a petitioner must show that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented. *McQuiggin*, 133 S. Ct. at 1935 (internal citations omitted); *see also Gore v. Crews*, —F.3d—, 2013 WL 3233303, at *5 (11th

5

Cir. 2013)(noting the limited nature of *McQuiggin*'s holding and noting that the Supreme Court stated that the AEDPA's time limitations still apply to the typical case in which no allegation of actual innocence is made).

The Magistrate Judge analyzed the holding of *McQuiggin* and further considered the applicability of the case in the process of making a recommendation to this court. (ECF No. 25 at 23.)[1] Because Petitioner claims actual innocence, the court must determine whether the Petition falls into the narrow class of cases where a petitioner has presented new and reliable evidence of his actual innocence. *McQuiggin,* 133 S. Ct. at 1928. Petitioner makes every effort to squeeze into this narrow class, but this court agrees with the Magistrate Judge's conclusion that Petitioner has not pointed to the kind of "new" evidence that would trigger any applicability of *McQuiggin* to the instant Petition for relief. *See McQuiggin,* 133 S. Ct. at 1936.

Petitioner's Opposition to Respondent's Motion for Summary Judgment discusses the *McQuiggin* decision at length and also provides a detailed factual account based significantly on the trial testimony of several witnesses, including Anna Stanley. (ECF No. 21.) Petitioner submits a "new review of the crime scene evidence" by way of the affidavit of John Phillips, a crime scene investigator who was hired by Petitioner's federal habeas counsel to review the file and assist with the evaluation of Petitioner's conviction and claims. (ECF No. 21 at 12; ECF No. 26 at 10.) Based on his review of the crime scene photographs, trial testimony, and witness statements, reports, and interviews, Mr. Phillips concludes that in his opinion, the state's key witness gave perjured testimony regarding the death of the victim. (ECF No. 21-4 at 3.) He further opines that the crime scene does not support the testimony of the witness and that the statements of Ms. Stanley warrant a further investigation of an alternate location as a possible scene of the death of the victim. (ECF

---

[1] The Magistrate Judge requested and received supplemental briefing from the parties on the *McQuiggin* case and its potential applicability to the instant matter. (ECF No. 25 at 7-8.)

No. 21-4 at 3.)

Although Mr. Phillips and his opinions are "new" to the Petitioner's ongoing post-conviction efforts, they are not the sort of new evidence contemplated by *McQuiggin* because the information contained in the affidavit was substantially available at trial. *McQuiggin*, 133 S.Ct. at 1936. Further, "the proffered evidence, even if 'new' [is] hardly adequate to show that, had it been presented at trial, no reasonable juror would have convicted [Petitioner]." *McQuiggin*, 133 S.Ct. at 1936. It is Petitioner's federal habeas counsel who makes this leap and articulates the argument based on Mr. Phillips' affidavit which at most, only calls the state's key witness's testimony into question.[2] In his objections, Petitioner suggests that the Magistrate Judge has made an attempt to require DNA evidence or a sufficiently corroborated recantation as evidence to prove actual innocence. (ECF No. 26 at 9.) The court cannot agree—the Magistrate Judge was merely giving examples of cases (in fact the cases Petitioner cited in his own brief) which clearly involve the presentation of "newly discovered and reliable evidence." (ECF No. 25 at 26.) In *McQuiggin,* the Supreme Court is clear to describe how strong the evidence of innocence must be before the gateway based on actual innocence should open. *McQuiggin,* 133 S.Ct. at 1936. The cases Petitioner cites in support of his argument are entirely distinguishable from the facts present here.

    II.    The Magistrate Judge's Finding that there is No Genuine Dispute of Material Facts that would Counsel Against Granting Summary Judgment.

Petitioner also challenges the appropriateness of granting summary judgment in arguing that Petitioner has presented a genuine factual dispute that cannot be resolved on the current record

---

[2] In his objections, Petitioner argues that effective trial counsel would have delved into matters deeper to show that witness was lying and that his testimony was inconsistent. (ECF No. 26 at 8.) This argument does not become relevant if Petitioner cannot get past the statute of limitations problem he faces.

7

without an evidentiary hearing. (ECF No. 26 at 11.) Petitioner also takes the position that an evidentiary hearing would be an appropriate forum for a consideration of the admissibility and reliability of Mr. Phillips affidavit.[3] (ECF No. 26 at 10.)

A habeas petitioner is not entitled to an evidentiary hearing as a matter of right. The court need only hold such a hearing if the petitioner "'present[s] a colorable claim' to relief, by showing that . . . alleged additional [disputed material] facts, if true, would at least arguably compel the granting of the writ." *Poyner v. Murray*, 964 F.2d 1404, 1422 (4th Cir. 1992) (quoting *Becton v. Barnett*, 920 F.2d 1190, 1195 (4th Cir. 1990)). In light of the court's finding that Petitioner's federal habeas petition is untimely and is not saved by a convincing claim of actual innocence, an evidentiary hearing on the substantive merits of the Petition would serve no purpose.

## CONCLUSION

The Court has carefully reviewed the record, the Report and Recommendation, and Petitioner's objections and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. Respondent's Motion for Summary Judgment is hereby granted and Petitioner's Petition for a Writ of Habeas Corpus is dismissed with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[3] Contrary to any suggestion by Petitioner, the Magistrate Judge did not make her determination solely based on Petitioner's delay in presenting Mr. Phillips' affidavit as evidence, a matter which although is not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence. *McQuiggin*, 133 S.Ct. at 1936.

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 16, 2013